IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 98-cr-00180-WDM-1

UNITED STATES OF AMERICA,

v.

EDWARD LEE SPRY,

    Defendant.

---

ORDER CONSTRUING THE FED. R. CIV. P. 60(b)(4) MOTION
AS FILED UNDER 28 U.S.C. § 2255 AND
DENYING THE MOTION

---

Defendant Edward Lee Spry has filed a *pro se* "Rule 60(b)(4) Motion to Reopen his Case from Final Judgment Pursuant to *Gonzales v. Crosby*, 125 S. Ct. 2641 (2005), . . ." I will interpret the Motion liberally because Mr. Spry is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I will construe the Motion as filed under 28 U.S.C. § 2255 and deny the Motion as barred by the one-year limitation period in § 2255.

Defendant pled guilty to two counts of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and (2) and was sentenced on January 31, 2003, to a total of 336 months. The judgment was entered on the docket

on February 6, 2003. Defendant did not file a direct appeal, nor did he file a § 2255 motion.

In the instant Motion, Mr. Spry sets forth two claims. In Claim One, he asserts that the government and the trial court committed jurisdictional, procedural, structural, and substantial errors during court proceedings in this case. (Rule 60(b) Mot. at 3.) Specifically, Defendant claims that the government erroneously dismissed counts one and three of the indictment, the armed robbery charges in violation of Title 18 U.S.C. § 2113(a) and (d), which were the predicate underlying crimes of violence needed to trigger the penalty provisions of 18 U.S.C. § 924(c)(1). (Rule 60(b) Mot. at 7.) Defendant contends, therefore, that I was divested of "jurisdictional authority" to proceed in convicting him of the two counts of carrying and using a firearm, because the government was "jurisdictionally and constitutionally" required to obtain Defendant's conviction of the underlying offense for the armed robbery. (Rule 60(b) Mot. at 7.) Mr. Spry concludes that it was a "structural" error that I committed when I allowed the government to proceed with its prosecution under § 924(c)(1). (Rule 60(b) Motion at 9.)

Defendant also asserts in Claim One, that the record does not show that he waived his right to be tried and convicted only on the charges presented by a grand jury, and that pleading guilty is not the equivalent of a waiver of the right to be charged by a grand jury. (Rule 60(b) Mot. at 11.)

In Claim Two, Defendant asserts that he is actually and factually innocent of his § 924(c)(1) conviction and sentence due to the fact that the government dismissed the underlying armed bank robbery charges.

It is clear that Mr. Spry's reliance on *Gonzales* is misplaced because he is attacking the validity of his criminal proceeding in the Motion. Rule 60(b) has no applicability to a criminal proceeding. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curian) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.") Rule 60(b) fails to provide Mr. Spry an avenue for relief in the instant criminal case. I, therefore, may dismiss the Motion for lack of jurisdiction. I also may either construe the Motion as something cognizable under the Federal Rules of Criminal Procedure or recharacterize the Motion as filed under § 2255. It is clear, however, from the record that no relief is available under the Federal Rules of Criminal Procedure. Nonetheless, even if I construe the Motion as filed under § 2255, the Motion suffers from the deficiencies as stated below.

Although the Tenth Circuit has expressed concern about automatically treating a motion in a criminal case as a § 2255 motion, *see United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000), in Mr. Spry's case, recharacterizing the Rule 60(b) Motion as filed under § 2255 is harmless, *see United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004). Mr. Spry's conviction was final on February 20, 2003, ten days after the judgment was entered on the docket because he did not file a direct appeal. *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000); Fed. R. App. P. 4(b)(1) and 26(a). Section 2255 limits the filing of habeas motions to within one year of the date the judgment becomes final. Therefore, characterizing Mr. Spry's Motion as a § 2255 action does not injure him because, as stated below, any claims he could have included in a § 2255 motion are barred by the one-year time limitation. Moreover, Mr. Spry may not circumvent the § 2255 time limitations by filing a Rule 60(b) motion.

3

Under 28 U.S.C. § 2255

The limitation period shall run from the latest of—

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Defendant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Spry does not allege that he was prevented by unconstitutional governmental action from filing the instant motion sooner or that the facts supporting his claims could not have been discovered at the time of his trial and sentencing. Defendant also is not asserting any rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. As a result, I find that the one-year limitation period in this action began to run on February 21, 2003, the day after Mr. Spry's conviction became final.

The instant § 2255 Motion was filed in this Court on May 24, 2007. The certificate of mailing attached to the § 2255 Motion, however, indicates that the Motion was mailed to the Court on May 20, 2007. Pursuant to the prisoner mailbox rule, *see*

4

*Houston v. Lack*, 487 U.S. 266, 270 (1988), I will deem this action filed on May 20, 2007, for purposes of § 2244(d). The Motion, nonetheless, was not filed within the year following February 20, 2003, but over four years after Defendant's conviction was final and is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2255 is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that equitable tolling applies to one-year limitation period in 28 U.S.C. § 2244(d)). Mr. Spry makes no argument to justify his failure to file the instant action in a timely manner. I find that equitable tolling is not appropriate in this action. The § 2255 Motion, therefore, will be denied as barred by the one-year limitation period. Accordingly, it is

ORDERED that Mr. Spry's Fed. R. Civ. P. 60(b)(4) Motion is construed as filed under 28 U.S.C. § 2255. It is

FURTHER ORDERED that the Clerk of the Court is directed to open a 28 U.S.C. § 2255 civil action in keeping with administrative procedures. It is

FURTHER ORDERED that the 28 U.S.C. § 2255 Motion, filed May 20, 2007, is denied and the instant civil action is dismissed.

DATED at Denver, Colorado, this 22 day of June, 2007.

BY THE COURT:

WALKER D. MILLER
United States District Judge

5