IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-01617-PAB
Criminal Case No. 98-cr-00180-1-PAB

UNITED STATES OF AMERICA,

v.

1. EDWARD LEE SPRY,

    Defendant.

---

## ORDER DENYING § 2255 MOTION

---

Movant Edward Lee Spry has filed a 28 U.S.C. § 2255 Motion to Vacate Sentence ("§ 2255 motion") [Docket No. 403]. The United States responded to the § 2255 motion. Docket No. 414. Mr. Spry has not filed a reply. For the reasons discussed below, the § 2255 motion will be denied.

### I. PROCEDURAL HISTORY

On April 9, 2001, Mr. Spry pled guilty to Counts Two and Four of an indictment, charging violations of 18 U.S.C. §§ 924(c) and 2, use of a firearm during and relation to a crime of violence and aiding and abetting. Docket No. 323. Judge Walker D. Miller sentenced Mr. Spry to 60 months imprisonment as to Count Two and 216 months imprisonment as to Count 4, to be served consecutively. Docket No. 360. Mr. Spry did not file a direct appeal. On May 24, 2007, Mr. Spy filed a first motion pursuant to 28 U.S.C. § 2255, Docket No. 379, which Judge Miller denied. Docket No. 380.

Mr. Spry filed the instant motion, through counsel, on June 24, 2016. Docket No. 403. Mr. Spry asserts that he is entitled to relief under *Johnson v. United States*, 135

S. Ct. 2551 (2015). *Id*. at 1. He claims that a violation of the federal armed bank robbery statute, 18 U.S.C. §§ 2113(a) & (d), the underlying offense for his § 924(c) conviction, does not qualify as a "crime of violence" within the meaning of § 924(c)(3)(A) (the "elements clause"). *Id*. at 2-9. Mr. Spry further claims that *Johnson* rendered § 924(c)(3)(B) (the "residual clause") unconstitutional. *Id*. at 9-12.[1] As a result, Mr. Spry contends that neither clause of § 924(c) can support his conviction; thus, the conviction must be set aside.

Because Mr. Spry's § 2255 motion was a "second or successive" motion, he filed an application to the Tenth Circuit for permission to file the motion. Docket No. 400-1. On July 11, 2016, Judge Wiley Y. Daniel stayed all proceedings related to the § 2255 motion pending a ruling from the Tenth Circuit on Mr. Spry's application. Judge Daniel subsequently permitted counsel, Laura Suelau of the Office of the Federal Public Defender, to withdraw from the case on May 23, 2018. Docket No. 408.[2] Mr. Spry thus proceeds *pro se*. On December 13, 2019, the Tenth Circuit granted Mr. Spry authorization to file his § 2255 motion. Docket No. 411.

---

[1] *Johnson* invalidated a different residual clause in the Armed Criminal Career Act, 18 U.S.C. § 924(e)(2)(b). *See* 135 S. Ct. at 2563 (holding that the residual clause in § 924(e) "violates the Constitution's guarantee of due process"). The Supreme Court extended *Johnson* to § 922(c)'s residual clause in *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that the clause is "unconstitutionally vague."

[2] The Office of the Federal Public Defender was appointed pursuant to District Court General Order 2015-4, which directed the Office to determine whether that defendant may qualify for federal habeas relief under *Johnson*. Docket No. 407 at 1. At the time Mr. Spry's motion was filed, the Office believed that he might have qualified for habeas relief. *Id*. However, the Office subsequently moved to withdraw on the basis that it "no longer believe[d]" that Spry qualified for relief under *Johnson*. *Id*. at 2.

## II. ANALYSIS

The United States argues that Tenth Circuit precedent indicates that a violation of the federal bank robbery statute, 18 U.S.C. §§ 2113(a) & (d), qualifies as a "crime of violence" within the meaning of § 924(c)'s elements clause; thus, Mr. Spry's convictions are valid. Docket No. 414. The Court agrees.

"To determine whether a prior conviction qualifies as a crime of violence, we apply the categorical approach if the criminal statute under which the defendant was charged contains only one set of elements." *United States v. Ontiveros*, 875 F.3d 533, 535 (10th Cir. 2017). Applying the categorical approach, in cases decided after Mr. Spry filed his § 2255 motion, the Tenth Circuit has held that federal bank robbery "categorically qualif[ies] as [a] crime[] of violence." *See United States v. McCranie*, 889 F.3d 667, 681 (10th Cir. 2018) (applying categorical approach in the context of United States Sentencing Guideline § 4B1.2(a)(1)); *see also United States v. Deiter*, 890 F.3d 1203, 1212 (10th Cir. 2018) (applying *McCranie* to § 924(c)'s elements clause); *United States v. Higley*, 726 F. App'x 715 (10th Cir. 2018) (unpublished).

Similarly, the Tenth Circuit has rejected Mr. Spry's argument that his conviction for aiding and abetting does not satisfy the elements clause. *See Deiter*, 890 F.3d at 1216 (holding that "it makes sense to look to the underlying statute of conviction, rather than § 2, to decide whether the elements clause is satisfied). As a result, Mr. Spry's arguments are foreclosed by Tenth Circuit precedent.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

3

Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Mr. Spry has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

### III. CONCLUSION

For the reasons discussed above, it is

**ORDERED** that the 28 U.S.C. § 2255 Motion to Vacate Sentence [Docket No. 403], filed by Edward Lee Spry, is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED March 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge