IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 98-cr-00180-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDWARD LEE SPRY,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant's pro se Motion for Compassionate Release [Docket No. 417] and defendant's Reply to Government's Response in Opposition to Defendant's Motion for Release [Docket No. 429], filed by counsel, which the Court construes as a supplemental motion for compassionate release. The government opposes the motions. *See* Docket Nos. 422, 431.

**I. BACKGROUND**

On January 19, 1999, defendant pled guilty to two counts of use of a firearm during and in relation to a crime of violence (bank robbery) in violation of 18 U.S.C. §§ 924(c)(1), and 2. Docket No. 421 at 1, 4. On January 31, 2003, Judge Walker D. Miller sentenced defendant to 60 months on Count Two and 216 months on Count Four, consecutive to each other and consecutive to the 37-month sentence imposed in No. 02-cr-00250-WDM. Docket No. 360; Docket No. 422 at 1-2. Defendant was thus sentenced to a 313 month custodial term. *See* Docket No. 360; Docket No. 422 at 2; Docket No. 429 at 2. Defendant has served approximately 276 months and is due to

be released on September 15, 2021 because of good time credit. Docket No. 422 at 2; Docket No. 429 at 3. Defendant is currently incarcerated at Coleman II USP in Sumterville, Florida. Docket No. 422 at 2.

On April 16, 2021, defendant filed a pro se motion for compassionate release and appointment of counsel, Docket No. 417, to which the government responded. Docket No. 422. On April 23, 2021, counsel entered an appearance on behalf of defendant pursuant to General Order 2020-7. Docket No. 420. On June 1, 2021, counsel filed a Reply to Government's Response in Opposition to Defendant's Motion for Release, Docket No. 429, which the Court construed as a supplemental motion for compassionate release, and ordered the government to respond to. *See* Docket No. 430. On June 14, 2021, the government responded to defendant's supplemental motion. Docket No. 431. Because the grounds for compassionate release raised in defendant's pro se motion and supplemental motion through counsel are the same, the Court considers the supplemental motion to be the operative motion.[1]

## II. ANALYSIS

Defendant asks the Court to grant him compassionate release due to the COVID-19 pandemic, the "stacking" of his original sentence, and his completion of nearly all of his sentence. *See* Docket 429 at 1-2.

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion for a reduction of sentence by the

---

[1] Defendant's pro se motion requests the appointment of counsel to assist defendant in obtaining compassionate release. *See* Docket No. 417 at 5. Because counsel has entered an appearance and filed a supplemental motion for compassionate release, the Court will deny this portion of Docket No. 417 as moot.

defendant or the director of the Bureau of Prisons ("BOP") if three requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.* at 1043.

Additionally, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That requirement is satisfied here. Defendant made a request to the warden on March 31, 2021, which was denied on April 11, 2021. *See* Docket No. 422 at 3. Accordingly, he has exhausted his administrative remedies.

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion"

3

(citation omitted)). However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, – F. App'x –, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (unpublished).

Defendant asks the Court to find extraordinary and compelling circumstances based on a combination of changes in law after defendant's sentencing, the length of time defendant has served, and medical conditions. *See* Docket No. 429 at 7-10.

### A.  COVID-19 and Defendant's Medical Conditions

Defendant's argument regarding his medical conditions appears to be more focused on establishing a totality of the circumstances showing of extraordinary and compelling reasons and less focused on his medical conditions warranting compassionate release in light of the COVID-19 pandemic. *See* Docket No. 417 at 1 (describing medical conditions); Docket No. 429 at 10 (same). However, because defendant argues that his medical conditions weigh in favor of his release, *see* Docket No. 429 at 10, the Court will consider whether they establish extraordinary and compelling circumstances.

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence

of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release."). However, defendant is fully vaccinated against COVID-19. *See* Docket No. 431-1. Defendant received the second dose of the Pfizer-BioNTech vaccine on May 26, 2021, *see id.*, and as a result, he was considered "fully vaccinated" approximately two weeks later. *See* Ctrs. for Disease Control and Prevention, *When You've Been Fully Vaccinated*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last updated June 17, 2021).

      Defendant suffers from an "undiagnosed leg condition that causes numbness, swelling, and discoloration, diminishing eyesight, hepatitis, and liver cirrhosis." Docket No. 429 at 10. Defendant argues that his medical conditions are likely to worsen over time, make him more vulnerable to variants of the COVID-19 virus that the vaccines are ineffective against, and will lead to "breakthrough" cases. *Id.* at 1-2. The Court finds this argument unpersuasive. The CDC states that, if someone has been fully vaccinated, he can "resume activities that [he] did prior to the pandemic" and can do so "without wearing a mask or physically distancing." *See* Ctrs. for Disease Control and Prevention, *When You've Been Fully Vaccinated*; *see also* Ctrs. for Disease Control and Prevention, *COVID-19 Vaccine Breakthrough Case Investigation and Reporting*, https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html (last updated July 2, 2021) (stating that 4,686 people with COVID-19 vaccine breakthrough infections were hospitalized or died out of more than 154 million people in the United States who have been fully vaccinated as of June 28, 2021). Therefore, even if the COVID-19 protocols at Coleman II USP are insufficient and defendant is

unable to socially distance, see Docket No. 429 at 11, the small chance he might contract COVID-19 after vaccination, even with his potential risk factors, is not sufficient to justify compassionate release. See United States v. Smith, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("[A]bsent some shift in the scientific consensus, [d]efendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).").

### B.  Sentence Stacking

Defendant argues that the Court should consider subsequent changes in sentencing law and find extraordinary and compelling circumstances. Docket No. 429 at 7. At the time of defendant's sentencing hearing in 2003, § 924(c) contained a "stacking" provision that required the court to impose consecutive sentences of twenty-five years for second or subsequent convictions under the statute, even if those convictions occurred at the same time as a defendant's first conviction under the statute. See id. at 7-8; see also United States v. Maumau, 993 F.3d 821, 824 (10th Cir. 2021). In 2018, Congress enacted the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), which, inter alia, amended 18 U.S.C. § 924(c) so that the twenty-five year mandatory minimum provision of § 924(c) only applies if the defendant's first conviction is final at the time of the second or subsequent conviction. See First Step Act, 132 Stat. at 5221-22; Maumau, 993 F.3d at 824. However, retroactivity of this change is limited to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 132 Stat. at 5222. Defendant argues that Congress's elimination of "the

6

precise type of 'stacking' that occurred in Mr. Spry's case" is evidence of extraordinary and compelling circumstances warranting compassionate release. Docket No. 429 at 8.

In the case he is currently incarcerated for, defendant was charged with two counts of armed bank robbery, two counts of use of a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. Docket No. 421 at 4. He pled guilty to two counts of use of a firearm during and in relation to a crime of violence, and the plea agreement provided that the government would dismiss the other three counts, as well as not prosecute defendant for any other crimes known to the government at that time. *Id.* at 2, 4. The presentence report indicates that defendant was a suspect in four other Denver-area armed robberies in April 1998. *Id.* at 7-8. Additionally, in 1983 defendant was sentenced to 45 years in the Bureau of Prisons for bank robbery and assault. *Id.* at 13. In that case, defendant and another person entered a bank armed with pistols, stole $1,780, took an FBI agent hostage, and threatened to kill him. *Id.* Defendant eventually surrendered and was arrested. *Id.* Defendant was released on parole in 1997 and absconded from the community corrections center that was a special condition of his parole. *Id.*

While the stacking of sentences for the two counts defendant pled guilty to would not be mandatory now, there is no indication that defendant would have received a lesser original sentence if he was sentenced now. Defendant acknowledges that he may have had other qualifying offenses. *See* Docket No. 429 at 7-8. Defendant has presented no argument why his prior convictions in 1983 for bank robbery and assault, which were final at the time of his 2003 sentencing, would not result in the same

sentence being applied to defendant irrespective of the changes made by the First Step Act.

In his *Maumau* concurrence, Judge Tymkovich noted that "our holding does not give district courts carte blanche to retroactively apply in every instance the amendments to the stacking provision in 18 U.S.C. § 924(c)[,]" and "[a] long sentence derived from stacking cannot, by itself, be an 'extraordinary and compelling' reason for sentence reduction." 993 F.3d at 838. Because there is no indication that defendant's sentence would be different if he were sentenced today and because a long sentence derived from stacking is not, by itself, an extraordinary and compelling circumstance, the Court finds that defendant's sentence stacking does not constitute extraordinary and compelling circumstances.

### C. Length of Time Served

Defendant's final argument is that the amount of time he has already served weighs in favor of finding extraordinary and compelling circumstances. *See* Docket No. 429 at 8-9. Defendant has served approximately 276 months, has a good time credit of 27 months, and is due to be released on September 15, 2021. *See id.* at 3; Docket No. 422 at 2. Defendant has served the vast majority of his prison sentence. However, because the Court has rejected defendant's other arguments, this argument alone is insufficient to demonstrate extraordinary and compelling circumstances.[2]

---

[2] The government states that defendant is subject to a Denver Sheriff's Office detainer in Case No. 98-cr-3453 and No. 98-cr-3452 that expires on May 11, 2028. Docket No. 422 at 2. In his supplemental motion, defendant conceded that he "still faces between 7 and 8 years in state custody," but argued that this weighs in favor of compassionate release because he will likely be 70 years old by the time he completes his state sentence. *See* Docket No. 429 at 10. Defendant filed a motion to supplement with a 2016 state court order in No. 98-cr-3452 and No. 98-cr-3453. *See* Docket Nos.

## III. CONCLUSION

The Court finds that defendant has not established extraordinary and compelling circumstances warranting compassionate release because (1) he has received the COVID-19 vaccine, mitigating the risk of illness for COVID-19; (2) there is no indication that he would have received a lesser sentence if he were sentenced after the passage of the First Step Act; and (3) the fact that defendant has served almost the entirety of his sentence is insufficient to warrant compassionate release when the Court has rejected his other arguments. The Court reaches the same conclusion when considering these factors collectively rather than individually. Because the Court does not find extraordinary and compelling circumstances, the Court does not consider whether any reduction is warranted under the § 3553(a) factors. *See McGee*, 992 F.3d at 1043 (agreeing with the Sixth Circuit that a court need not address all of the steps for compassionate release if one of them demonstrates that a defendant is not entitled to compassionate release).

For the foregoing reasons, it is

---

434, 434-1. The order indicates that defendant was sentenced to thirteen and twelve years respectively in each case, with the twelve year sentence to be served consecutive to the thirteen year sentence. *See* Docket No. 434-1 at 1. However, the order notes that the sentences are *nun pro tunc* to May 11, 1998, *see id.*, meaning that they should expire in 2023, not 2028. *See* Docket No. 434 at 1. Additionally, the order states that "there is no detainer or active warrant in either 98CR3452 or 98CR3453." Docket No. 434-1. at 2. The existence of a state detainer "poses another obstacle for the defendant, and casts further doubt on his ability to show that there are 'compelling' reasons to grant the requested sentence reduction." *United States v. Smith*, 2020 U.S. Dist. LEXIS 67736, at *12 n.7 (D. Conn. Apr. 17, 2020). The Court need not resolve the existence of a detainer and the length of defendant's state sentence following his federal sentence because the Court finds that defendant has not demonstrated extraordinary and compelling circumstances warranting compassionate release irrespective of a detainer.

**ORDERED** that defendant's Update to Compassionate Release Motion [Docket No. 434], construed as a motion to supplement, is **GRANTED**. It is further

**ORDERED** that defendant's pro se Motion for Compassionate Release [Docket No. 417] is **DENIED**. It is further

**ORDERED** that defendant's Reply to Government's Response in Opposition to Defendant's Motion for Release [Docket No. 429], construed as a supplemental motion for compassionate release, is **DENIED**.

DATED July 7, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge